IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN D. BLACKWELL,

        Petitioner,

v.

RICHARD WATSON,

        Respondent.

Case No. 3:24-CV-00581-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on preliminary review of the Petition[1] for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on behalf of Petitioner Ryan D. Blackwell. (Doc. 1). Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## BACKGROUND

    According to the Petition, Blackwell is a pretrial detainee in St. Clair County Jail.[2]

---

[1] An "Amended Petition" was also filed. (Doc. 6). That document largely reiterates the same grounds as listed in the original Petition—it seeks an explanation of the nature of the charges against Blackwell per the Sixth Amendment.

[2] From the Court's research, Blackwell is no longer a pretrial detainee because he entered a guilty plea and received a three-year sentence in the Illinois Department of Corrections. The Petition lists his state court case numbers as 23CF2024 and 23CF2008. The Court takes judicial notice of the court records in these underlying cases for St. Clair County, Illinois, and confirms that each has a closed status. *See also* https://idoc.illinois.gov/offender/inmatesearch.html (last visited Oct. 25, 2024).

(Doc. 1). The Petition lists the challenged decision or action as "nature of charges." (*Id.*). As grounds for the challenge, the Petition states, "6th Amendment – guarantees the right of criminal defendants, including the right to a public trial without unnecessary delay, the right to a lawyer, the right to an impartial jury, and the right to know who your accusers are and the nature of the charges." (*Id.*). The requested relief is written as, "Provide the nature of these charges so Petitioner has the ability to mount a proper defense in this matter." (*Id.*).

The last page of the form habeas petition requires the petitioner's signature and, if any exists, the signature of an attorney or other authorized person. Here, Blackwell's name is not signed but rather written in the same handwriting as the rest of the Petition. (*Id.*). In the signature block for an attorney or authorized person, a purported "agent" of Blackwell, Paul-George Doucette, signed the Petition.[3] (*Id.*). From the filings, it appears that Mr. Doucette initiated and mailed all the correspondence in this action on behalf of Blackwell. (Docs. 1, 5, 6).

## LEGAL STANDARD

"The appropriate vehicle for a state [pretrial] detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). A federal court's ability to review a pretrial detainee's habeas corpus § 2241 petition is limited by the general federal policy of refraining from interfering with pending state criminal prosecutions except in special circumstances. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Braden*

---

[3] The later-filed "Amended Petition" also contains no signature from Blackwell and lists Paul-George Doucette as the agent/authorized representative of Blackwell. (Doc. 6).

*v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 489-92 (1973)). But once a pretrial detainee becomes convicted, the claims concerning his pre-trial confinement become moot. *Jackson*, 796 F.3d at 843. For federal courts to retain jurisdiction over a case, an actual and ongoing controversy must exist, and "the absence of one renders a case moot and deprives the court of subject matter jurisdiction." *Id.*

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The Federal Rules of Civil Procedure authorize a minor or an incompetent person without a duly appointed representative to sue by a "next friend" or guardian ad litem. FED. R. CIV. P. 17(c)(2). "Next friend" standing has "long been an accepted basis for jurisdiction in certain circumstances" usually on behalf of detained prisoners who are unable to seek relief themselves due to mental incompetence or inaccessibility. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). In habeas litigation, the "next friend" standing doctrine is codified. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" (emphasis added)).

Of utmost importance, "next friend" standing is not granted automatically to anyone seeking to pursue an action on behalf of someone else. *Whitmore*, 495 U.S. at 163. "[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir 1978). The "next friend" applicant must "explain why the detainee did not sign and verify the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989). In doing so, the "next

friend" must furnish "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163 (citing *Wilson*, 870 F.2d at 1253). Along with these requirements, the "next friend" must show true dedication to the best interests of the real party in interest, and, generally, should have some kind of significant relationship with that party. *Whitmore*, 495 U.S. at 163-64; *see also Bria Health Serv's, LLC v. Eagleson*, 950 F.3d 378, 384 (7th Cir. 2020).

Of course, the "next friend" applicant carries the burden of clearly establishing the propriety of their status to justify the jurisdiction of the court. *Whitmore*, 495 U.S. at 164. If they cannot do so, the court lacks jurisdiction to consider the petition. *Wilson*, 870 F.2d at 1253.

## DISCUSSION

On its merits, the Court doubts that the pending Petition states any cognizable ground for habeas relief as it seeks only an explanation of the "nature of charges" resulting in Blackwell's arrest and pretrial detention. But before reaching the merits, the Court finds that it lacks jurisdiction to entertain the Petition for two reasons—there is no active or ongoing controversy, and Paul-George Doucette does not qualify for the requisite "next friend" status to file a habeas petition on behalf of Blackwell.

First, as Blackwell has pleaded guilty and received a three-year sentence for the cases referenced in the Petition, he is no longer a pretrial detainee and any claims concerning his pretrial confinement are now moot.[4] Because there is no actual or ongoing

---

[4] *See* note 2 above.

controversy, the Court lacks subject matter jurisdiction over the Petition.

Second, the actual filer of the Petition, Mr. Doucette, failed to establish a reason or rationale (i.e., incompetency, inaccessibility, or other disability) for the necessity to rely on the "next friend" device, as opposed to having Blackwell represent his own interests, and none appears in the Petition. In addition, the Petition lacks an explanation as to why Blackwell did not sign or verify it. Mr. Doucette also failed to describe his relationship to Blackwell other than to list himself as an "agent." This makes it impossible for the Court to discern if Blackwell knows of this action or of Mr. Doucette, let alone whether Mr. Doucette is dedicated to Blackwell's best interest. In light of these fundamental omissions, Mr. Doucette does not qualify as a "next friend" for Blackwell, and thus, he may not participate in the unauthorized practice of law by litigating this habeas action for someone else. For these reasons, the Court lacks jurisdiction to consider the Petition, and it must be dismissed.

## Conclusion

Accordingly, the Petition for Writ of Habeas Corpus filed on behalf of Petitioner Ryan D. Blackwell (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   October 28, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**